Sheri M. Thome, Esq.
Nevada Bar No. 008657
Jeffrey A. Bollers, Esq.
Nevada Bar No. 016501
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401
Email: Sheri.Thome@wilsonelser.com
Email: Jeffrey.Bollers@wilsonelser.com
*Attorneys for Defendants United States Automobile*
*Association, USAA Casualty Insurance Company and*
*Garrison Property and Casualty Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALLISON KAREN, individually; GUDRUN KAREN, individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES AUTOMOBILE ASSOCIATION; USAA CASUALTY INSURANCE COMPANY; GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY; AUTO INJURY SOLUTIONS, INC.; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | Case No.  2:24-cv-02089-CDS-DJA<br><br>**STIPULATION TO EXTEND TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFFS' COMPLAINT**<br><br>**(FIRST REQUEST)** |

Plaintiffs Allison Karen and Gudrun Karen, by and through their attorney of record Peter M. Angulo, Esq., and Defendants United States Automobile Association, USAA Casualty Insurance Company and Garrison Property and Casualty Company ("USAA Defendants") by and through their attorneys of record, Sheri M. Thome, Esq. and Jeffrey A. Bollers, Esq., of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby stipulate pursuant to Local Rule IA 6-1 to extend the time for the Defendants to respond to Plaintiffs' Complaint as follows:

///

///

305609305v.1

## STIPULATION FOR EXTENSION OF TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFFS' COMPLAINT

1.      This is the first requested extension of time of the USAA Defendants to file a responsive pleading to Plaintiffs' Complaint.

2.      Plaintiffs served process for the USAA Defendants on the Nevada Division of Insurance on November 14, 2024.  [ECF 9-11]

3.      The Nevada Division of Insurance forwarded such process to the registered agent for the USAA Defendants on November 20, 2024, making service complete on that date pursuant to N.R.S. § 680A.260(1)-(2) (service of process is complete when the Division of Insurance forwards such process to the insurer's registered agent).  The Notices of Service of Process for the respective USAA Defendants are collectively attached as **EXHIBIT A** at pp. 1, 14, 27.

4.      The USAA Defendants' responsive pleading deadline is currently December 11, 2024.

5.      Plaintiffs and the USAA Defendants hereby stipulate to extend the Defendants' responsive pleading deadline by one week, up to and including December 18, 2024.

6.      The stipulated extension will afford these Defendants sufficient time to investigate Plaintiffs' causes of action and to formulate their response to Plaintiffs' allegations and the bases therefor. It will also provide undersigned defense counsel sufficient opportunity to determine whether they will also be representing defendant Auto Injury Solutions, Inc.

7.      No party will be prejudiced by the stipulated extension, nor will the stipulated extension unduly delay resolution of this case.

8.      This stipulation is entered into in good faith, not for purposes of delay or any other improper reason.

///

///

///

///

///

///

///

305609305v.1

**IT IS SO STIPULATED.**

Dated this 10th day of December, 2024

Dated this 10th day of December, 2024

ANGULO LAW GROUP

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    */s/ Peter M. Angulo*
      Peter M. Angulo, Esq.
      Nevada Bar No. 3672
      5545 S. Mountain Vista St., Suite F
      Las Vegas, Nevada 89120
      *Attorney for Plaintiffs Allison Karen*
      *and Gudrun Karen*

By:    */s/ Jeffrey A. Bollers*
      Sheri M. Thome, Esq.
      Nevada Bar No. 008657
      Jeffrey A. Bollers, Esq.
      Nevada Bar No. 016501
      6689 Las Vegas Blvd. South, Suite 200
      Las Vegas, Nevada 89119
      *Attorneys for Defendants United States*
      *Automobile Association, USAA Casualty*
      *Insurance Company and Garrison*
      *Property and Casualty Insurance*
      *Company*

## <u>ORDER</u>

IT IS HEREBY ORDERED that pursuant to the above Stipulation, Defendants shall respond to Plaintiffs' Complaint no later than December 18, 2024.

**IT IS SO ORDERED.**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: 12/11/2024

305609305v.1

# EXHIBIT A

# Notices of Service of Process on the USAA Defendants



**null / ALL**
**Transmittal Number: 30306248**
**Date Processed: 11/20/2024**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Griselda Mejia<br>Carmen Solis<br>Laura Lopez |

| | |
|---|---|
| **Entity:** | United Services Automobile Association<br>Entity ID Number  3692038 |
| **Entity Served:** | United Services Automobile Association |
| **Title of Action:** | Allison Karen vs. United Services Automobile Association |
| **Matter Name/ID:** | Allison Karen vs. United Services Automobile Association (16543824) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | U.S. District Court, NV |
| **Case/Reference No:** | 2:24-cv-02089 |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 11/20/2024 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| Sender Information: | Angulo Law Group<br>702-384-8000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

JOE LOMBARDO
*Governor*

**STATE OF NEVADA**

DR. KRISTOPHER SANCHEZ
*Director*

SCOTT J. KIPPER
*Commissioner*



### DEPARTMENT OF BUSINESS AND INDUSTRY
## DIVISION OF INSURANCE

November 18, 2024

UNITED SERVICES AUTOMOBILE ASSOCIATION (License No. 688)
CORPORATION SERVICE COMPANY
112 N CURRY ST
CARSON CITY NV  89703-4934

Re:    Notice of Service of Process (SOP No. 3629)
       Allison Karen, et al. v. United Services Automobile Association, et al.
       2:24-cv-02089, United States District Court, District of Nevada

Enclosed you will find a summons or initial documents, which has been personally served upon the Nevada Commissioner of Insurance as statutory attorney to accept service of process on your behalf.  These documents were served at 4:45 p.m. on November 14, 2024.

Sincerely,

Scott J. Kipper
Commissioner of Insurance

By:    /s/ Betsy Gould
       Service of Process Clerk

Enclosures

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

ALLISON KAREN, individually; GUDRUN KAREN,
individually,

*Plaintiff(s)*

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION,
et al.

*Defendant(s)*

Civil Action No.    2:24-cv-02089-DJA


RECEIVED
NOV 14 2024
DIVISION OF INSURANCE
STATE OF NEVADA

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  United Services Automobile Association

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Peter M. Angulo, Esq., Angulo Law Group, 5545 S. Mountain Vista Street, Suite F,
Las Vegas, Nevada  89120  (702) 384-8000

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:    11/13/2024

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                                        *Server's signature*

                                                             _____
                                                                        *Printed name and title*

                                                             _____
                                                                        *Server's address*

Additional information regarding attempted service, etc:

00004

PETER M. ANGULO, ESQ.
**ANGULO LAW GROUP**
5545 S. Mountain Vista St. Ste. F
Las Vegas, NV 89120
Tel: (702) 384-8000
Fax: (702) 384-8200
Email: pangulo@angulolawgroup.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALLISON KAREN, individually; GUDRUN KAREN, individually, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, an insurance exchange; USAA CASUALTY INSURANCE COMPANY, a foreign corporation doing business in Nevada; GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign corporation doing business in Nevada; AUTO INJURY SOLUTIONS, INC., a foreign corporation doing business in Nevada; DOES I through X, and ROE CORPORATIONS XI through XX, inclusive, | **(Jury Trial Demanded)** |
| Defendant. | |

COMES NOW, Plaintiffs ALLISON KAREN and GUDRUN KAREN (hereinafter "Plaintiffs"), by and through their attorney of record, PETER M. ANGULO, ESQ., of the ANGULO LAW GROUP and hereby complains and alleges as follows:

## JURISDICTION AND VENUE

1. That all times mentioned herein, Plaintiffs were and are residents of the State of Nevada, County of Clark.

2. That at all times mentioned herein, upon information and belief, Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION (hereinafter "USAA", was and an insurance exchange) is a

1


RECEIVED
NOV 14 2024
DIVISION OF INSURANCE
STATE OF NEVADA
00005

foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada.

3. That at all times mentioned herein, upon information and belief, Defendant, USAA CASUALTY INSURANCE COMPANY (hereinafter "USAA-CIC"), was and is a foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada.

4. That at all times mentioned herein, upon information and belief, Defendant, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a subsidiary of USAA-CIC (hereinafter "GARRISON"), was and is a foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada.

5. That at all times mentioned herein, upon information and belief, Defendant, AUTO INJURY SOLUTIONS, INC., was and is a foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada. The four Defendants are hereafter referred to as "the USAA Defendants."

6. That all the facts and circumstances that give rise to the subject lawsuit occurred in the State of Nevada, County of Clark.

7. That, pursuant to FRCP 10(a), the identities of the Defendants, DOES I through X and ROE CORPORATIONS XI through XX, are unknown at this time and may be individuals, partnerships, companies, corporations, or other entity. Plaintiff alleges that each Defendant designated herein as DOE or ROE CORPORATIONS are responsible in some manner for the damages alleged herein. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

8. Each of Plaintiffs' claimed injuries in this matter exceed $75,000.00.

9. Pursuant to 28 U.S.C. §1332(a), this Court has original jurisdiction over this matter.

2

### FIRST CAUSE OF ACTION

*(DECLARATORY RELIEF)*

10. On or about April 29, 2023, in Las Vegas, Clark County, Nevada, Plaintiffs were involved in a motor vehicle accident, as a result of the negligence of an under-insured motorist.

11. On or about January 12, 2024, in Las Vegas, Clark County, Nevada, Plaintiffs were involved in a motor vehicle accident, as a result of the negligence of an under-insured motorist.

12. As a further direct and proximate result of the accidents, Plaintiffs incurred substantial expenses for medical care and treatment.

13. As a further direct and proximate result of the accidents, Plaintiffs, have suffered and continues to suffer physical pain, disability, emotional distress, including, but not limited to, Plaintiffs have suffered certain injuries and damages which are permanent and life long in nature.

14. That Plaintiffs' medical expenses and pain and suffering are covered benefits under the contract of insurance with Defendant USAA, bearing policy number 0200235087101, insuring two vehicles owed by Plaintiff ALLISON KAREN and her son.

15. That there may be an offset to damages under the policy with Defendant USAA-CIC for medical payments coverage.

16. At the time of the accident, Plaintiffs were insured with USAA with uninsured motor policy limits of $1,000,000.00 per person $1,000,000.00 per accident.

17. At the time of the accident, Plaintiffs were insured with USAA with a stackable medical payment policy limit of $100,000.00 per person, per vehicle.

18. That Defendants, including DOES I through X and ROES XI through XX, were and are obligated to compensate Plaintiffs for their injuries and damages they sustained in the above-mentioned accident by virtue of and consistent with the uninsured motorist coverages identified.

19. That the combined policy limits of the USAA Defendants underinsured motorist polices identified for both the Plaintiffs' accidents total $2,000,000.00. That the compensable injuries and damages to the Plaintiffs, as defined under the policies of UIM coverage, are in excess of the combined $2,000,000.00 limits.

3

20. That the combined policy limits of the USAA Defendants medical payment policies identified for both the Plaintiffs' accidents total $800,000.00. That the compensable injuries and damages to the Plaintiffs, as defined under the policies of Medical Payment coverage, are in excess of the combined $800,000.00 limits.

21. The Plaintiffs were fault free in the collisions described above and therefore there are no comparative fault offsets to damages.

22. Despite a demand for settlement of the applicable UIM coverage being made, the USAA Defendants have delayed making an offer to settle.

23. Despite a demand for settlement of the applicable Medical Payment coverage being made, the USAA Defendants have delayed making payments to the Plaintiffs to cover the incurred medical expenses.

24. Due to the delay on the USAA Defendants' part, Plaintiffs have been subjected to collection notices putting them financially at risk.

25. That pursuant to NRS 30.040, jurisdiction of this matter rests with this court. That the Plaintiff is therefore asking this Court to adjudicate the rights of the parties herein under the applicable contracts of UIM insurance.

26. That the USAA Defendants are attempting to create a financial windfall for itself through its actions in diminishing the coverage which was purchased and otherwise available to the Plaintiffs.

27. That the USAA Defendants are obligated by Nevada Law, to provide insurance coverage to Plaintiffs, due to their injuries, and Plaintiffs are entitled to declaration from the court that they have standing to make and receive compensation for said claims.

28. That as a direct and proximate result of the USAA Defendants' wrongful conduct, Plaintiffs, have suffered and will continue to suffer damages payable under the applicable under-insured motorist policy in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

29. As a further and direct proximate result, Plaintiffs were forced to retain an attorney to prosecute the instant action, incurring attorney's fees and costs and is therefore entitled to same from USAA in prosecuting this action.

4

**SECOND CAUSE OF ACTION**

*(BREACH OF CONTRACT)*

30. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 29 as though fully set forth herein.

31. That the USAA Defendants, through their actions, are refusing to tender the full policy benefits even after concluding that the claim of the Plaintiff is in excess of the USAA Defendants policy limits and the collective policy limits as set forth above, thereby breaching the contract for underinsured motorist coverage.

32. That the USAA Defendants have breached the terms of the contract of UIM insurance, and that the Plaintiff is entitled to the benefits. That by virtue of the injuries and damages suffered in the accident described above, the damages of the Plaintiffs exceed the value of coverage. The Plaintiffs are therefore entitled to the policy limits.

33. That the Plaintiffs are further entitled to costs and attorney's fees for having to bring this action under these circumstances.

34. That to the extent appropriate, Plaintiffs will seek to amend their Complaint to conform to discovery as necessary.

**THIRD CAUSE OF ACTION**

*(EXPLOITATION OF THE ELDERLY)*

35. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 34 as though fully set forth herein.

36. That Plaintiff, GUDRUN KAREN, at all relevant times, was well beyond the age of 60 years old. Nevertheless, Defendants, knowing this fact, and in full understanding that Plaintiff was not currently represented by legal counsel, wrongfully caused Plaintiff to believe there were limitations on her ability to be recompensed for her injuries. Accordingly, the USAA Defendants utilized their position of trust and confidence to, through deception, intimidation or undue influence, exert influence over monies to which Plaintiff was lawfully entitled with the intention of permanently depriving her of the ownership, use, benefit or possession of those monies.

37. Such actions were not done innocently but were instead done with recklessness, oppression, fraud and/or malice.

38. Such actions constitute a violation of Nevada criminal statutes specifically designed to protect such vulnerable persons from such exploitation.

39. Pursuant to NRS 41.1395, Plaintiff is entitled to two times the actual damages incurred by her and a full award of her attorney fees and costs incurred in prosecuting this action.

## FOURTH CAUSE OF ACTION

### *(UNFAIR CLAIMS PRACTICES)*

40. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 39 as though fully set forth herein.

41. In their actions which form the basis of the instant lawsuit, the USAA Defendants violated provisions of the Nevada's statutory prohibitions on unfair claims practices (NRS 686A.310) including, but not limited to :

    a.    Misrepresenting to Plaintiff pertinent facts or insurance policy provisions relating to any coverage at issue;

    b.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    c.    Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear;

    d.    Compelling Plaintiffs to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts to which they were entitled when she made claims for amounts reasonably similar to the amounts ultimately recovered in subsequent litigation;

    e.    Attempting to settle a claim for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application;

    f.    Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions

6

of the insurance policy coverage; and

      g.     Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim.

42. Such actions by the USAA Defendants entitle Plaintiffs to a separate award under the statute for an amount equal to her proven damages—including her incurred attorney fees and costs.

### FIFTH CAUSE OF ACTION

*(BAD FAITH)*

43. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 42 as though fully set forth herein.

44. Every contract in Nevada imposes upon the contracting parties the duty of good faith and fair dealing. It is further acknowledged Nevada views the relationship of an insured to an insurer as one of special confidence. Accordingly, the insurer assumes the duty to negotiate with its insureds in good faith and to deal with them fairly. Where the insurer acts unreasonably and with knowledge there is no reasonable basis for its conduct, it engages in bad faith behavior.

45. The actions taken by the USAA Defendants, as described in this Complaint, were not actions taken in good faith, were unreasonable, and were undertaken with knowledge of the lack of a reasonable basis for its behavior. Accordingly, Plaintiffs are entitled to an award of damages—both compensatory and punitive—for the USAA Defendants' acts of bad faith.

46. In addition to compensatory and punitive damages, Plaintiffs are entitled to an award of her attorney fees and costs incurred in pursuing this action.

WHEREFORE, Plaintiffs expressly reserving their right to amend this Complaint at the time of the trial herein, to include all items of damage not yet ascertained, and demands judgment against Defendant, as follows:

     1.     For Declaratory Judgment in their favor of the UIM contract claim and that the Court declare that Plaintiffs are afforded the $2,000,000.00 coverage limits as set out in this Complaint;

00011

2.    For Declaratory Judgment in their favor of the Medical Payment contact claim and that the Court declare that Plaintiffs are afforded the $800,000.00 coverage limits as set out in this Complaint;

3.    For damages for the breach of UIM contact in the amount of the combined policy limits of $2,000,000.00;

4.    For damages for the breach of Medical Payment contract in the amount of the combined policy limits of $800,000.00;

3.    For statutory damages equaling two times the compensatory damages incurred;

4.    For punitive damages;

5.    For pre- and post-judgment interest as provided by the law and contract;

6.    For attorney's fees and costs incurred and to be incurred herein; and

7.    For such other and further relief as the Court deems just and proper in this matter.

Plaintiffs' demand a jury trial in the above-entitled matter.

DATED this ___ day of November, 2024.

ANGULO LAW GROUP

PETER M. ANGULO, ESQ.
5545 S. Mountain Vista St., Ste. F
Las Vegas, Nevada 89120
*Attorneys for Plaintiffs*

8

Nevada Division of Insurance
1818 E. College Pkwy., Suite 103
Carson City, NV 89706-7986

US POSTAGE PITNEY BOWES

ZIP 89701  $ 002.64
02 4W
0000390939 NOV 19 2024

UNITED SERVICES AUTOMOBILE
 ASSOCIATION
CORPORATION SERVICE COMPANY
112 N CURRY ST
CARSON CITY NV  89703-4934

00013



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Griselda Mejia<br>Laura Lopez<br>Carmen Solis |

| | |
|---|---|
| **Entity:** | USAA Casualty Insurance Company<br>Entity ID Number  3692525 |
| **Entity Served:** | USAA Casualty Insurance Company |
| **Title of Action:** | Allison Karen vs. United Services Automobile Association |
| **Matter Name/ID:** | Allison Karen vs. United Services Automobile Association (16543278) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | U.S. District Court, NV |
| **Case/Reference No:** | 2:24-cv-02089 |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 11/20/2024 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | NV Department of Business and Industry on 11/18/2024 |
| **How Served:** | Regular Mail |
| Sender Information: | Angulo Law Group<br>702-384-8000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



JOE LOMBARDO
*Governor*

**STATE OF NEVADA**

DR. KRISTOPHER SANCHEZ
*Director*

SCOTT J. KIPPER
*Commissioner*



### DEPARTMENT OF BUSINESS AND INDUSTRY
# DIVISION OF INSURANCE

November 18, 2024

USAA CASUALTY INSURANCE COMPANY (License No. 699)
CORPORATION SERVICE COMPANY
112 N CURRY ST
CARSON CITY NV  89703-4934

Re:    Notice of Service of Process (SOP No. 3628)
        Allison Karen, et al. v. United Services Automobile Association, et al.
        2:24-cv-02089, United States District Court, District of Nevada

Enclosed you will find a summons or initial documents, which has been personally served upon the Nevada Commissioner of Insurance as statutory attorney to accept service of process on your behalf.  These documents were served at 4:45 p.m. on November 14, 2024.

Sincerely,

Scott J. Kipper
Commissioner of Insurance

By:    <u>/s/ Betsy Gould</u>
        Service of Process Clerk

Enclosures

**Carson City:** 1818 E. College Parkway, Suite 103, Carson City, Nevada 89706 - Telephone (775) 687-0700 - Fax (775) 687-0797
**Las Vegas:** 3300 W. Sahara Avenue, Suite 275, Las Vegas, Nevada 89102 - Telephone (702) 486-4009 - Fax (702) 486-4007
DOI.NV.GOV

00015

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

ALLISON KAREN, individually; GUDRUN KAREN,
individually,

_____
*Plaintiff(s)*

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION,
et al.

_____
*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.  2:24-cv-02089-DJA

## SUMMONS IN A CIVIL ACTION



To: *(Defendant's name and address)*  USAA Casualty Insurance Company

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Peter M. Angulo, Esq., Angulo Law Group, 5545 S. Mountain Vista Street, Suite F,
Las Vegas, Nevada  89120  (702) 384-8000

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



CLERK OF COURT

Date:  11/13/2024
_____

_____
*Signature of Clerk or Deputy Clerk*

00016

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

    ❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❏ I returned the summons unexecuted because _____ ; or

    ❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

                                          _____
                                                   *Server's signature*

                                          _____
                                                *Printed name and title*

                                          _____
                                                *Server's address*

Additional information regarding attempted service, etc:

1    PETER M. ANGULO, ESQ.
     **ANGULO LAW GROUP**
2    5545 S. Mountain Vista St. Ste. F
     Las Vegas, NV 89120
3    Tel: (702) 384-8000
     Fax: (702) 384-8200
4    Email: pangulo@angulolawgroup.com
     *Attorneys for Plaintiffs*

5                    **UNITED STATES DISTRICT COURT**

6                         **DISTRICT OF NEVADA**

7



8    ALLISON KAREN, individually; GUDRUN       Case No.:
     KAREN, individually,
9
                         Plaintiffs,
10
11   vs.                                               **COMPLAINT**

12   UNITED SERVICES AUTOMOBILE
     ASSOCIATION, an insurance exchange; USAA
13   CASUALTY INSURANCE COMPANY, a              **(Jury Trial Demanded)**
     foreign corporation doing business in Nevada;
14   GARRISON PROPERTY AND CASUALTY
     INSURANCE COMPANY, a foreign
     corporation doing business in Nevada; AUTO
15   INJURY SOLUTIONS, INC., a foreign
     corporation doing business in Nevada; DOES I
16   through X, and ROE CORPORATIONS XI
     through XX, inclusive,
17
18                   Defendant.

19        COMES NOW, Plaintiffs ALLISON KAREN and GUDRUN KAREN (hereinafter "Plaintiffs"),

20   by and through their attorney of record, PETER M. ANGULO, ESQ., of the ANGULO LAW GROUP and

21   hereby complains and alleges as follows:

22                    **JURISDICTION AND VENUE**

23   1.   That all times mentioned herein, Plaintiffs were and are residents of the State of Nevada, County

24        of Clark.

25   2.   That at all times mentioned herein, upon information and belief, Defendant, UNITED SERVICES

26        AUTOMOBILE ASSOCIATION (hereinafter "USAA", was and an insurance exchange) is a

27

28

                                        1

foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada.

3.  That at all times mentioned herein, upon information and belief, Defendant, USAA CASUALTY INSURANCE COMPANY (hereinafter "USAA-CIC"), was and is a foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada.

4.  That at all times mentioned herein, upon information and belief, Defendant, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a subsidiary of USAA-CIC (hereinafter "GARRISON"), was and is a foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada.

5.  That at all times mentioned herein, upon information and belief, Defendant, AUTO INJURY SOLUTIONS, INC., was and is a foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada. The four Defendants are hereafter referred to as "the USAA Defendants."

6.  That all the facts and circumstances that give rise to the subject lawsuit occurred in the State of Nevada, County of Clark.

7.  That, pursuant to FRCP 10(a), the identities of the Defendants, DOES I through X and ROE CORPORATIONS XI through XX, are unknown at this time and may be individuals, partnerships, companies, corporations, or other entity. Plaintiff alleges that each Defendant designated herein as DOE or ROE CORPORATIONS are responsible in some manner for the damages alleged herein. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

8.  Each of Plaintiffs' claimed injuries in this matter exceed $75,000.00.

9.  Pursuant to 28 U.S.C. §1332(a), this Court has original jurisdiction over this matter.

2

00019

## FIRST CAUSE OF ACTION

*(DECLARATORY RELIEF)*

10. On or about April 29, 2023, in Las Vegas, Clark County, Nevada, Plaintiffs were involved in a motor vehicle accident, as a result of the negligence of an under-insured motorist.

11. On or about January 12, 2024, in Las Vegas, Clark County, Nevada, Plaintiffs were involved in a motor vehicle accident, as a result of the negligence of an under-insured motorist.

12. As a further direct and proximate result of the accidents, Plaintiffs incurred substantial expenses for medical care and treatment.

13. As a further direct and proximate result of the accidents, Plaintiffs, have suffered and continues to suffer physical pain, disability, emotional distress, including, but not limited to, Plaintiffs have suffered certain injuries and damages which are permanent and life long in nature.

14. That Plaintiffs' medical expenses and pain and suffering are covered benefits under the contract of insurance with Defendant USAA, bearing policy number 0200235087101, insuring two vehicles owed by Plaintiff ALLISON KAREN and her son.

15. That there may be an offset to damages under the policy with Defendant USAA-CIC for medical payments coverage.

16. At the time of the accident, Plaintiffs were insured with USAA with uninsured motor policy limits of $1,000,000.00 per person $1,000,000.00 per accident.

17. At the time of the accident, Plaintiffs were insured with USAA with a stackable medical payment policy limit of $100,000.00 per person, per vehicle.

18. That Defendants, including DOES I through X and ROES XI through XX, were and are obligated to compensate Plaintiffs for their injuries and damages they sustained in the above-mentioned accident by virtue of and consistent with the uninsured motorist coverages identified.

19. That the combined policy limits of the USAA Defendants underinsured motorist polices identified for both the Plaintiffs' accidents total $2,000,000.00.  That the compensable injuries and damages to the Plaintiffs, as defined under the policies of UIM coverage, are in excess of the combined $2,000,000.00 limits.

00020

20. That the combined policy limits of the USAA Defendants medical payment policies identified for both the Plaintiffs' accidents total $800,000.00. That the compensable injuries and damages to the Plaintiffs, as defined under the policies of Medical Payment coverage, are in excess of the combined $800,000.00 limits.

21. The Plaintiffs were fault free in the collisions described above and therefore there are no comparative fault offsets to damages.

22. Despite a demand for settlement of the applicable UIM coverage being made, the USAA Defendants have delayed making an offer to settle.

23. Despite a demand for settlement of the applicable Medical Payment coverage being made, the USAA Defendants have delayed making payments to the Plaintiffs to cover the incurred medical expenses.

24. Due to the delay on the USAA Defendants' part, Plaintiffs have been subjected to collection notices putting them financially at risk.

25. That pursuant to NRS 30.040, jurisdiction of this matter rests with this court. That the Plaintiff is therefore asking this Court to adjudicate the rights of the parties herein under the applicable contracts of UIM insurance.

26. That the USAA Defendants are attempting to create a financial windfall for itself through its actions in diminishing the coverage which was purchased and otherwise available to the Plaintiffs.

27. That the USAA Defendants are obligated by Nevada Law, to provide insurance coverage to Plaintiffs, due to their injuries, and Plaintiffs are entitled to declaration from the court that they have standing to make and receive compensation for said claims.

28. That as a direct and proximate result of the USAA Defendants' wrongful conduct, Plaintiffs, have suffered and will continue to suffer damages payable under the applicable under-insured motorist policy in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

29. As a further and direct proximate result, Plaintiffs were forced to retain an attorney to prosecute the instant action, incurring attorney's fees and costs and is therefore entitled to same from USAA in prosecuting this action.

4

### SECOND CAUSE OF ACTION

*(BREACH OF CONTRACT)*

30. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 29 as though fully set forth herein.

31. That the USAA Defendants, through their actions, are refusing to tender the full policy benefits even after concluding that the claim of the Plaintiff is in excess of the USAA Defendants policy limits and the collective policy limits as set forth above, thereby breaching the contract for underinsured motorist coverage.

32. That the USAA Defendants have breached the terms of the contract of UIM insurance, and that the Plaintiff is entitled to the benefits. That by virtue of the injuries and damages suffered in the accident described above, the damages of the Plaintiffs exceed the value of coverage. The Plaintiffs are therefore entitled to the policy limits.

33. That the Plaintiffs are further entitled to costs and attorney's fees for having to bring this action under these circumstances.

34. That to the extent appropriate, Plaintiffs will seek to amend their Complaint to conform to discovery as necessary.

### THIRD CAUSE OF ACTION

*(EXPLOITATION OF THE ELDERLY)*

35. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 34 as though fully set forth herein.

36. That Plaintiff, GUDRUN KAREN, at all relevant times, was well beyond the age of 60 years old. Nevertheless, Defendants, knowing this fact, and in full understanding that Plaintiff was not currently represented by legal counsel, wrongfully caused Plaintiff to believe there were limitations on her ability to be recompensed for her injuries. Accordingly, the USAA Defendants utilized their position of trust and confidence to, through deception, intimidation or undue influence, exert influence over monies to which Plaintiff was lawfully entitled with the intention of permanently depriving her of the ownership, use, benefit or possession of those monies.

00022

37. Such actions were not done innocently but were instead done with recklessness, oppression, fraud and/or malice.

38. Such actions constitute a violation of Nevada criminal statutes specifically designed to protect such vulnerable persons from such exploitation.

39. Pursuant to NRS 41.1395, Plaintiff is entitled to two times the actual damages incurred by her and a full award of her attorney fees and costs incurred in prosecuting this action.

<u>**FOURTH CAUSE OF ACTION**</u>

*(UNFAIR CLAIMS PRACTICES)*

40. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 39 as though fully set forth herein.

41. In their actions which form the basis of the instant lawsuit, the USAA Defendants violated provisions of the Nevada's statutory prohibitions on unfair claims practices (NRS 686A.310) including, but not limited to :

a.    Misrepresenting to Plaintiff pertinent facts or insurance policy provisions relating to any coverage at issue;

b.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c.    Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear;

d.    Compelling Plaintiffs to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts to which they were entitled when she made claims for amounts reasonably similar to the amounts ultimately recovered in subsequent litigation;

e.    Attempting to settle a claim for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application;

f.    Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions

6

1    of the insurance policy coverage; and

2           g.     Failing to provide promptly to an insured a reasonable explanation of the basis in

3    the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the

4    denial of the claim or for an offer to settle or compromise the claim.

5    42. Such actions by the USAA Defendants entitle Plaintiffs to a separate award under the statute for an

6    amount equal to her proven damages—including her incurred attorney fees and costs.

7    **FIFTH CAUSE OF ACTION**

8    *(BAD FAITH)*

9    43. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 42

10    as though fully set forth herein.

11    44. Every contract in Nevada imposes upon the contracting parties the duty of good faith and fair

12    dealing. It is further acknowledged Nevada views the relationship of an insured to an insurer as

13    one of special confidence. Accordingly, the insurer assumes the duty to negotiate with its insureds

14    in good faith and to deal with them fairly. Where the insurer acts unreasonably and with knowledge

15    there is no reasonable basis for its conduct, it engages in bad faith behavior.

16    45. The actions taken by the USAA Defendants, as described in this Complaint, were not actions taken

17    in good faith, were unreasonable, and were undertaken with knowledge of the lack of a reasonable

18    basis for its behavior. Accordingly, Plaintiffs are entitled to an award of damages—both

19    compensatory and punitive—for the USAA Defendants' acts of bad faith.

20    46. In addition to compensatory and punitive damages, Plaintiffs are entitled to an award of her attorney

21    fees and costs incurred in pursuing this action.

22        WHEREFORE, Plaintiffs expressly reserving their right to amend this Complaint at the time of the

23    trial herein, to include all items of damage not yet ascertained, and demands judgment against Defendant,

24    as follows:

25        1.     For Declaratory Judgment in their favor of the UIM contract claim and that the Court declare

26    that Plaintiffs are afforded the $2,000,000.00 coverage limits as set out in this Complaint;

27

28

00024

2.    For Declaratory Judgment in their favor of the Medical Payment contact claim and that the Court declare that Plaintiffs are afforded the $800,000.00 coverage limits as set out in this Complaint;

3.    For damages for the breach of UIM contact in the amount of the combined policy limits of $2,000,000.00;

4.    For damages for the breach of Medical Payment contract in the amount of the combined policy limits of $800,000.00;

3.    For statutory damages equaling two times the compensatory damages incurred;

4.    For punitive damages;

5.    For pre- and post-judgment interest as provided by the law and contract;

6.    For attorney's fees and costs incurred and to be incurred herein; and

7.    For such other and further relief as the Court deems just and proper in this matter.

Plaintiffs' demand a jury trial in the above-entitled matter.

DATED this ___ day of November, 2024.

                                    ANGULO LAW GROUP

                                    PETER M. ANGULO, ESQ.
                                    5545 S. Mountain Vista St., Ste. F
                                    Las Vegas, Nevada 89120
                                    *Attorneys for Plaintiffs*

8

00025

3813
Nevada Division of Insurance
1818 E. College Pkwy., Suite 103
Carson City, NV 89706-7986

US POSTAGE [+]PITNEY BOWES

ZIP 89701    $ 002.04
02 4W
0000390939 NOV 19 2024

USAA CASUALTY INSURANCE
 COMPANY
CORPORATION SERVICE COMPANY
112 N CURRY ST
CARSON CITY NV  89703-4934

00026



null / ALL
**Transmittal Number: 30308217**
**Date Processed: 11/21/2024**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Griselda Mejia<br>Carmen Solis<br>Laura Lopez |

| | |
|---|---|
| **Entity:** | Garrison Property and Casualty Insurance Company<br>Entity ID Number  3692001 |
| **Entity Served:** | Garrison Property and Casualty Insurance Company |
| **Title of Action:** | Allison Karen vs. United Services Automobile Association |
| **Matter Name/ID:** | Allison Karen vs. United Services Automobile Association (16545314) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | U.S. District Court, NV |
| **Case/Reference No:** | 2:24-cv-02089 |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 11/20/2024 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | NV Commissioner of Insurance on 11/14/2024 |
| **How Served:** | Regular Mail |
| Sender Information: | Angulo Law Group<br>702-384-8000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**STATE OF NEVADA**

JOE LOMBARDO
*Governor*

DR. KRISTOPHER SANCHEZ
*Director*

SCOTT J. KIPPER
*Commissioner*



## DEPARTMENT OF BUSINESS AND INDUSTRY
# DIVISION OF INSURANCE

November 18, 2024

GARRISON PROPERTY AND CASUALTY (License No. 15983)
CORPORATION SERVICE COMPANY
112 N CURRY ST
CARSON CITY NV  89703-4934

Re:    Notice of Service of Process (SOP No. 3630)
       Allison Karen, et al. v. United Services Automobile Association, et al.
       2:24-cv-02089, United States District Court, District of Nevada

Enclosed you will find a summons or initial documents, which has been personally served upon
the Nevada Commissioner of Insurance as statutory attorney to accept service of process on your
behalf.  These documents were served at 4:45 p.m. on November 14, 2024.

Sincerely,

Scott J. Kipper
Commissioner of Insurance

By:    /s/ Betsy Gould
       Service of Process Clerk

Enclosures

**Carson City:** 1818 E. College Parkway, Suite 103, Carson City, Nevada 89706 - Telephone (775) 687-0700 - Fax (775) 687-0797

**Las Vegas:** 3300 W. Sahara Avenue, Suite 275, Las Vegas, Nevada 89102 - Telephone (702) 486-4009 - Fax (702) 486-4007
DOI.NV.GOV

00028

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| ALLISON KAREN, individually; GUDRUN KAREN, individually, | ) ) ) ) |
| _Plaintiff(s)_ | ) ) |
| v. | ) Civil Action No.  2:24-cv-02089-DJA |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, et al. | ) ) ) |
| _Defendant(s)_ | ) ) ) |

RECEIVED
NOV 14 2024
DIVISION OF INSURANCE
STATE OF NEVADA

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Garrison Property and Casualty Insurance Company

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Peter M. Angulo, Esq., Angulo Law Group, 5545 S. Mountain Vista Street, Suite F, Las Vegas, Nevada  89120  (702) 384-8000

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:    11/13/2024

_Signature of Clerk or Deputy Clerk_

00029

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

00030



1    PETER M. ANGULO, ESQ.
     **ANGULO LAW GROUP**
2    5545 S. Mountain Vista St. Ste. F
     Las Vegas, NV 89120
3    Tel: (702) 384-8000
     Fax: (702) 384-8200
     Email: pangulo@angulolawgroup.com
4    *Attorneys for Plaintiffs*

5            **UNITED STATES DISTRICT COURT**

6              **DISTRICT OF NEVADA**

7

8    ALLISON KAREN, individually; GUDRUN    Case No.:
     KAREN, individually,
9

10           Plaintiffs,

11    vs.                         **COMPLAINT**

12    UNITED SERVICES AUTOMOBILE
     ASSOCIATION, an insurance exchange; USAA    **(Jury Trial Demanded)**
13    CASUALTY INSURANCE COMPANY, a
     foreign corporation doing business in Nevada;
14    GARRISON PROPERTY AND CASUALTY
     INSURANCE COMPANY, a foreign
15    corporation doing business in Nevada; AUTO
     INJURY SOLUTIONS, INC., a foreign
16    corporation doing business in Nevada; DOES I
     through X, and ROE CORPORATIONS XI
17    through XX, inclusive,

18           Defendant.

19       COMES NOW, Plaintiffs ALLISON KAREN and GUDRUN KAREN (hereinafter "Plaintiffs"),

20 by and through their attorney of record, PETER M. ANGULO, ESQ., of the ANGULO LAW GROUP and

21 hereby complains and alleges as follows:

22                 **JURISDICTION AND VENUE**

23    1.   That all times mentioned herein, Plaintiffs were and are residents of the State of Nevada, County

24        of Clark.

25    2.   That at all times mentioned herein, upon information and belief, Defendant, UNITED SERVICES

26        AUTOMOBILE ASSOCIATION (hereinafter "USAA", was and an insurance exchange) is a

27

28

                                1

foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada.

3. That at all times mentioned herein, upon information and belief, Defendant, USAA CASUALTY INSURANCE COMPANY (hereinafter "USAA-CIC"), was and is a foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada.

4. That at all times mentioned herein, upon information and belief, Defendant, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a subsidiary of USAA-CIC (hereinafter "GARRISON"), was and is a foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada.

5. That at all times mentioned herein, upon information and belief, Defendant, AUTO INJURY SOLUTIONS, INC., was and is a foreign corporation, being both duly licensed to do business in, and actually engaged in the business of selling insurance in the County of Clark, State of Nevada. The four Defendants are hereafter referred to as "the USAA Defendants."

6. That all the facts and circumstances that give rise to the subject lawsuit occurred in the State of Nevada, County of Clark.

7. That, pursuant to FRCP 10(a), the identities of the Defendants, DOES I through X and ROE CORPORATIONS XI through XX, are unknown at this time and may be individuals, partnerships, companies, corporations, or other entity. Plaintiff alleges that each Defendant designated herein as DOE or ROE CORPORATIONS are responsible in some manner for the damages alleged herein. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

8. Each of Plaintiffs' claimed injuries in this matter exceed $75,000.00.

9. Pursuant to 28 U.S.C. §1332(a), this Court has original jurisdiction over this matter.

### FIRST CAUSE OF ACTION

*(DECLARATORY RELIEF)*

10. On or about April 29, 2023, in Las Vegas, Clark County, Nevada, Plaintiffs were involved in a motor vehicle accident, as a result of the negligence of an under-insured motorist.

11. On or about January 12, 2024, in Las Vegas, Clark County, Nevada, Plaintiffs were involved in a motor vehicle accident, as a result of the negligence of an under-insured motorist.

12. As a further direct and proximate result of the accidents, Plaintiffs incurred substantial expenses for medical care and treatment.

13. As a further direct and proximate result of the accidents, Plaintiffs, have suffered and continues to suffer physical pain, disability, emotional distress, including, but not limited to, Plaintiffs have suffered certain injuries and damages which are permanent and life long in nature.

14. That Plaintiffs' medical expenses and pain and suffering are covered benefits under the contract of insurance with Defendant USAA, bearing policy number 0200235087101, insuring two vehicles owed by Plaintiff ALLISON KAREN and her son.

15. That there may be an offset to damages under the policy with Defendant USAA-CIC for medical payments coverage.

16. At the time of the accident, Plaintiffs were insured with USAA with uninsured motor policy limits of $1,000,000.00 per person $1,000,000.00 per accident.

17. At the time of the accident, Plaintiffs were insured with USAA with a stackable medical payment policy limit of $100,000.00 per person, per vehicle.

18. That Defendants, including DOES I through X and ROES XI through XX, were and are obligated to compensate Plaintiffs for their injuries and damages they sustained in the above-mentioned accident by virtue of and consistent with the uninsured motorist coverages identified.

19. That the combined policy limits of the USAA Defendants underinsured motorist polices identified for both the Plaintiffs' accidents total $2,000,000.00. That the compensable injuries and damages to the Plaintiffs, as defined under the policies of UIM coverage, are in excess of the combined $2,000,000.00 limits.

20. That the combined policy limits of the USAA Defendants medical payment policies identified for both the Plaintiffs' accidents total $800,000.00. That the compensable injuries and damages to the Plaintiffs, as defined under the policies of Medical Payment coverage, are in excess of the combined $800,000.00 limits.

21. The Plaintiffs were fault free in the collisions described above and therefore there are no comparative fault offsets to damages.

22. Despite a demand for settlement of the applicable UIM coverage being made, the USAA Defendants have delayed making an offer to settle.

23. Despite a demand for settlement of the applicable Medical Payment coverage being made, the USAA Defendants have delayed making payments to the Plaintiffs to cover the incurred medical expenses.

24. Due to the delay on the USAA Defendants' part, Plaintiffs have been subjected to collection notices putting them financially at risk.

25. That pursuant to NRS 30.040, jurisdiction of this matter rests with this court. That the Plaintiff is therefore asking this Court to adjudicate the rights of the parties herein under the applicable contracts of UIM insurance.

26. That the USAA Defendants are attempting to create a financial windfall for itself through its actions in diminishing the coverage which was purchased and otherwise available to the Plaintiffs.

27. That the USAA Defendants are obligated by Nevada Law, to provide insurance coverage to Plaintiffs, due to their injuries, and Plaintiffs are entitled to declaration from the court that they have standing to make and receive compensation for said claims.

28. That as a direct and proximate result of the USAA Defendants' wrongful conduct, Plaintiffs, have suffered and will continue to suffer damages payable under the applicable under-insured motorist policy in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

29. As a further and direct proximate result, Plaintiffs were forced to retain an attorney to prosecute the instant action, incurring attorney's fees and costs and is therefore entitled to same from USAA in prosecuting this action.

00034

## SECOND CAUSE OF ACTION

### (BREACH OF CONTRACT)

30. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 29 as though fully set forth herein.

31. That the USAA Defendants, through their actions, are refusing to tender the full policy benefits even after concluding that the claim of the Plaintiff is in excess of the USAA Defendants policy limits and the collective policy limits as set forth above, thereby breaching the contract for underinsured motorist coverage.

32. That the USAA Defendants have breached the terms of the contract of UIM insurance, and that the Plaintiff is entitled to the benefits. That by virtue of the injuries and damages suffered in the accident described above, the damages of the Plaintiffs exceed the value of coverage. The Plaintiffs are therefore entitled to the policy limits.

33. That the Plaintiffs are further entitled to costs and attorney's fees for having to bring this action under these circumstances.

34. That to the extent appropriate, Plaintiffs will seek to amend their Complaint to conform to discovery as necessary.

## THIRD CAUSE OF ACTION

### (EXPLOITATION OF THE ELDERLY)

35. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 34 as though fully set forth herein.

36. That Plaintiff, GUDRUN KAREN, at all relevant times, was well beyond the age of 60 years old. Nevertheless, Defendants, knowing this fact, and in full understanding that Plaintiff was not currently represented by legal counsel, wrongfully caused Plaintiff to believe there were limitations on her ability to be recompensed for her injuries. Accordingly, the USAA Defendants utilized their position of trust and confidence to, through deception, intimidation or undue influence, exert influence over monies to which Plaintiff was lawfully entitled with the intention of permanently depriving her of the ownership, use, benefit or possession of those monies.

00035

37. Such actions were not done innocently but were instead done with recklessness, oppression, fraud and/or malice.

38. Such actions constitute a violation of Nevada criminal statutes specifically designed to protect such vulnerable persons from such exploitation.

39. Pursuant to NRS 41.1395, Plaintiff is entitled to two times the actual damages incurred by her and a full award of her attorney fees and costs incurred in prosecuting this action.

## FOURTH CAUSE OF ACTION

### *(UNFAIR CLAIMS PRACTICES)*

40. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 39 as though fully set forth herein.

41. In their actions which form the basis of the instant lawsuit, the USAA Defendants violated provisions of the Nevada's statutory prohibitions on unfair claims practices (NRS 686A.310) including, but not limited to :

    a.    Misrepresenting to Plaintiff pertinent facts or insurance policy provisions relating to any coverage at issue;

    b.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    c.    Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear;

    d.    Compelling Plaintiffs to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts to which they were entitled when she made claims for amounts reasonably similar to the amounts ultimately recovered in subsequent litigation;

    e.    Attempting to settle a claim for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application;

    f.    Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions

6

of the insurance policy coverage; and

       g.    Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim.

42. Such actions by the USAA Defendants entitle Plaintiffs to a separate award under the statute for an amount equal to her proven damages—including her incurred attorney fees and costs.

### FIFTH CAUSE OF ACTION

*(BAD FAITH)*

43. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 42 as though fully set forth herein.

44. Every contract in Nevada imposes upon the contracting parties the duty of good faith and fair dealing. It is further acknowledged Nevada views the relationship of an insured to an insurer as one of special confidence. Accordingly, the insurer assumes the duty to negotiate with its insureds in good faith and to deal with them fairly. Where the insurer acts unreasonably and with knowledge there is no reasonable basis for its conduct, it engages in bad faith behavior.

45. The actions taken by the USAA Defendants, as described in this Complaint, were not actions taken in good faith, were unreasonable, and were undertaken with knowledge of the lack of a reasonable basis for its behavior. Accordingly, Plaintiffs are entitled to an award of damages—both compensatory and punitive—for the USAA Defendants' acts of bad faith.

46. In addition to compensatory and punitive damages, Plaintiffs are entitled to an award of her attorney fees and costs incurred in pursuing this action.

    WHEREFORE, Plaintiffs expressly reserving their right to amend this Complaint at the time of the trial herein, to include all items of damage not yet ascertained, and demands judgment against Defendant, as follows:

    1.    For Declaratory Judgment in their favor of the UIM contract claim and that the Court declare that Plaintiffs are afforded the $2,000,000.00 coverage limits as set out in this Complaint;

00037

2.      For Declaratory Judgment in their favor of the Medical Payment contact claim and that the Court declare that Plaintiffs are afforded the $800,000.00 coverage limits as set out in this Complaint;

3.      For damages for the breach of UIM contact in the amount of the combined policy limits of $2,000,000.00;

4.      For damages for the breach of Medical Payment contract in the amount of the combined policy limits of $800,000.00;

3.      For statutory damages equaling two times the compensatory damages incurred;

4.      For punitive damages;

5.      For pre- and post-judgment interest as provided by the law and contract;

6.      For attorney's fees and costs incurred and to be incurred herein; and

7.      For such other and further relief as the Court deems just and proper in this matter.

Plaintiffs' demand a jury trial in the above-entitled matter.

DATED this _____ day of November, 2024.

ANGULO LAW GROUP

PETER M. ANGULO, ESQ.
5545 S. Mountain Vista St., Ste. F
Las Vegas, Nevada 89120
*Attorneys for Plaintiffs*

8

00038

3813
Nevada Division of Insurance
1818 E. College Pkwy., Suite 103
Carson City, NV 89706-7986



US POSTAGE PITNEY BOWES

ZIP 89701    $ 002.04
02 4W
0000390939 NOV 19 2024

GARRISON PROPERTY AND
  CASUALTY
CORPORATION SERVICE COMPANY
112 N CURRY ST
CARSON CITY NV  89703-4934

DP BI61

00039